UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ABNER JOSUE REYES NOLASCO,                                        Petitioner,

v.                                                    Civil Action No. 4:26-cv-414-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,                                      Respondents.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Petitioner Abner Josue Reyes Nolasco, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 7)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 9), and they have submitted briefs setting out their respective legal arguments (D.N. 11; D.N. 12).  After careful consideration, the Court will grant Reyes Nolasco's amended petition for the reasons explained below.

**I.**

Reyes Nolasco is a nineteen-year-old native and citizen of Honduras.  (D.N. 7, PageID.38 ¶ 12; *see* D.N. 11-1, PageID.72)  He entered the United States on April 22, 2021, "as an unaccompanied juvenile" and was apprehended by immigration authorities.  (D.N. 11-1, PageID.73)  Reyes Nolasco was "released to the custody of the Office of Refugee Resettlement"

1

and, eventually, released to his mother living in the United States.[1]  (*Id.*)  On January 25, 2022, Reyes Nolasco was placed in removal proceedings via a Notice to Appear, which designated him as "an alien present in the United States who has not been admitted or paroled."  (D.N. 11-2, PageID.76)  On March 14, 2026, Reyes Nolasco was arrested by Indiana law enforcement "for Domestic Battery and Battery Resulting in Bodily Injury."  (D.N. 11-1, PageID.73)  After local law enforcement filed a "Notice of Intent to Not Prosecute" Reyes Nolasco, he was taken into federal immigration custody pursuant to an immigration detainer.  (*Id.*)  Reyes Nolasco's release on recognizance was canceled.  (*See* D.N. 11-3, PageID.80)  He remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (*See* D.N. 7-1, PageID.53)  On July 13, 2026, an immigration judge ordered that Reyes Nolasco be removed from the United States.  (*See* D.N. 12, PageID.87 n.1; D.N. 12-1, PageID.90)  Reyes Nolasco states that he reserved appeal of that decision; the appeal window remains open.[2]  (*See* D.N. 12, PageID.87 n.1; D.N. 12-1, PageID.91)

Reyes Nolasco seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, the Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director, Acting Director of ICE David Venturella, Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, and the Director of the Executive Office for Immigration Review.  (*See* D.N. 7, PageID.38–39 ¶¶ 13–18)  Reyes Nolasco alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment.  (*See id.*, PageID.45–50 ¶¶ 47–72)  Reyes Nolasco seeks immediate

---

[1] The record suggests that Reyes Nolasco was released on an order of recognizance (*see* D.N. 11-3, PageID.80 (notice of cancelation of release on recognizance)).  Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] The immigration judge's decision is not "executed during the time allowed for the filing of an appeal." 8 C.F.R. § 1003.6(a).

release.  (*See id.*, PageID.51)  Respondents state that "the United States Court of Appeals for the Sixth Circuit's recent decision" in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), "controls the outcome of this matter."  (D.N. 11, PageID.64–65)  They argue that Reyes Nolasco should request a bond hearing rather than seek release.[3]  (*See id.*, PageID.65–70)

**II.**

**A.    Immigration and Nationality Act**

In *Lopez-Campos*, the Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A).  175 F.4th at 732.  As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A).  *See Lopez-Campos*, 175 F.4th at 722–24.  The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer."  *Id.* at 723.  It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'"  *Id.* at 729.

Here, Reyes Nolasco is an applicant for admission because he is a noncitizen "present in the United States who has not been admitted," § 1225(a)(1).  (*See* D.N. 11-2, PageID.76)  But Reyes Nolasco is not "seeking admission" under § 1225(b)(2)(A) because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration

---

[3] Respondents do not contest that the Court has jurisdiction to review Reyes Nolasco's petition (*see generally* D.N. 11).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  The Court therefore will not address that issue.

officer" (*see* D.N. 11-1, PageID.73–74). *Lopez-Campos*, 175 F.4th at 729. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Reyes Nolasco's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Reyes Nolasco is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.     Due Process and Remedy**

Reyes Nolasco's detention without a bond hearing violates due process. *See id.* Because he has not received a bond hearing, the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment. 175 F.4th at 734. But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at 732–34. "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering petitioner's release and that

4

respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker").

Moreover, the due-process violation cannot be cured by requiring Reyes Nolasco to request a bond hearing while detained. "[S]uch a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025)). Indeed, due process typically "requires some kind of a hearing *before* the [government] deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citations omitted). Because federal immigration authorities detained Reyes Nolasco without providing a bond hearing, he has already "suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021). Consistent with this understanding, release is the appropriate remedy in this context. *See E.A.T.-B.*, 795 F. Supp. 3d at 1324; *Domingo*, 2025 WL 1940179, at *3 ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

In support of their position, Respondents cite *De Leon Trejo v. Bullock*, No. 26-5186, 2026 WL 2057094 (6th Cir. May 14, 2026). (*See* D.N. 11, PageID.69) That case, however, involved a petitioner's challenge to his detention while his appeal of the immigration judge's denial of bond was pending before the Board of Immigration Appeals. *See* 2026 WL 2057094 at *1–2. Moreover, the petitioner was presently detained in Louisiana, where the Fifth Circuit had determined that noncitizens living in the United States are subject to detention under 8 U.S.C. § 1225 and thus are not entitled to a bond hearing. *See id.* at *1 (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th

494 (5th Cir. 2026)).  Here, however, Reyes Nolasco has not received a bond hearing, and the Sixth

Circuit's decision in *Lopez-Campos* entitles him to one under § 1226.  For these reasons, the Court

does not find *De Leon Trejo* binding.  In sum, and consistent with *Lopez-Campos*, the Court

concludes that Reyes Nolasco's detention without a bond hearing violates due process and will

order his immediate release.  *See Lopez-Campos*, 175 F.4th at 732–34.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is

hereby

**ORDERED** as follows:

(1)    Reyes Nolasco's amended petition for a writ of habeas corpus (D.N. 7) is

**GRANTED**.  Respondents are **DIRECTED** to immediately release Reyes Nolasco and shall not

re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral

immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify

compliance with the Court's Order by a filing on the docket no later than **July 27, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

July 23, 2026

David J. Hale, Chief Judge
United States District Court

6